## In the Court of Common Pleas of Schuylkill County.

### KELLY v. STEPHENS.

In a proceeding under the Act of 13 April, 1807, relating to stray cattle, want of notice to the owner of the stray, will work a forfeiture of all damages.

Certiorari.

Opinion delivered Sep. 28, 1874, by

GREEN, J.   This proceeding, though somewhat in form like an ordinary action of trespass for damages to real estate before a justice, is evidently intended as a proceeding under the Act of 13 April, 1807, relating to stray cattle.   The exceptions filed are evidently based upon the idea that the proceeding is an action of trespass for damages.   The first exception sets forth that the justice had no jurisdiction, it being an action of trespass for damages."   But if it had been an action of trespass for damages to real or personal property the justice would have had jurisdiction.   This is given by the act of 22 March, 1814, Purdon's Dig., Vol. 1, p. 867, pl. 119.   The second exception set forth that the proceeding is based on a warrant of arrest and not on a summons, giving defendant but one day's notice of the hearing.   As the defendant was not arrested on the warrant and was not present on the day of hearing, and as the record does not set forth any other notice to the defendant except that "the cow aforesaid (being defendant's cow) was in possession of Michael Kelly, the plaintiff," this objection is fatal to the proceeding as an action of trespass for damages, even though more than twenty days had elapsed from the rendition of the judgment to the issuing of the certiorari.   Fitz-

gibbons v. Essen. Com. Pl. Phila; Benedict v. Hickok, 3 Luz. Leg. Obs., 80. See also Laycock v. White, 7 Harris, 498; Daily v. Bartholomew, 1 Ashmead, 135; Offerman v. Downey, 2 Wh. Dig., 134, pl. 278.

But upon the argument of the case, whilst it was admitted that this proceeding could not be sustained as an action of trespass for damages, it was urged that it was evidently a proceeding under the act of 13 April, 1807, relating to the taking up of stray cattle, and, as such, good and valid. Is it a valid proceeding under that act ?

Before proceeding under that act it is an indispensable prerequisite that notice of the taking up of stray cattle be given to the owner, if known, and if he can be readily found, in order that he may have opportunity of tendering amends. If reasonable satisfaction is not tendered, then the proceedings before the justice may be instituted. Vide Sec. 3d of the act. But in the present case no notice was given to the owner, so far as appears, but the proceedings were immediately instituted before the justice, and the warrant against him was issued. He was not arrested on the warrant, and did not appear at all before the magistrate. In the case of Vandamayer v. Wood, 1 Ash, 203, which was a case similar to the present one, Judge King decides : "Neglect to give notice to the owner of the stray, when known, works a forfeiture of all damages, and entitles the owner to the stray detained, without recompense to the party injured." "In such case notice should have been given to the owner, in order to have given her an opportunity of tendering amends. From the magistrates transcript it does not sufficiently appear that such notice was given previous to the complaint to the justice."

This is decisive of the present case. Had the defendant been brought before the magistrate or appeared there, and then allowed more than twenty days to elapse after the judgment, before issuing the certiorari, he would probably have been too late to avail himself of the irregularities of the proceeding. But such is not the fact. He was not arrested, he was not present at the hearing, and there is no proof of any notice to him of any hearing.

The judgment is reversed and the proceedings quashed.